UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS-13, 14

UNITED STATES OF AMERICA

v.

CARLA R. CONIGLIARO,
DOUGLAS A. CONIGLIARO

MEMORANDUM AND ORDER ON
GOVERNMENT'S MOTION TO ALLOW
VICTIM IMPACT STATEMENTS AT SENTENCING

August 18, 2016

STEARNS, D.J.

In this motion, the government seeks permission to introduce victim impact statements at defendants' sentencing hearing. The motion will be denied for the following reasons.

First, as the government itself concedes, the victims the government has in mind are not victims of any crime for which the defendants have been convicted.[1] As the government has acknowledged from the outset of the case (and states again in its supporting memorandum), the Conigliaros were

---

[1] Each of the Conigliaros (husband and wife) pled guilty to a Superseding Information charging one count of structuring currency withdrawals from personal bank accounts. There is no allegation in the Information that the structuring had any financial impact on the efforts of the Bankruptcy Court to marshal funds to compensate the victims of the meningitis outbreak.

passive investors in New England Compounding Center (NECC) and had no involvement in the compounding of drugs or the day-to-day operations of NECC.

Second, the Conigliaros pled guilty pursuant to plea agreements in which the government bound itself to make a recommendation to the court of a non-incarcerated sentence. While I am not suggesting this is the government's intent, presenting victim impact statements to the court at sentencing would likely be construed as an implied effort to persuade the court to reject the government's recommendation and impose a harsher sentence. This would have the effect of placing the government in the ethically challenged position of implicitly undermining the position it bound itself to advocate in the plea agreement. *See United States v. Clark*, 55 F.3d 9, 12 (1st Cir. 1995) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."), quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971).

And finally, the invitation to victims of the meningitis outbreak and their relatives to express themselves in the context of this case is a misdirection of the anguish and indignation that they no doubt genuinely feel. This is not the forum for victim impact statements related to NECC's

alleged compounding malpractice.  The court has made clear that it will not sentence the Conigliaros for misdeeds for which they have no criminal responsibility.

## ORDER

For the foregoing reasons, the motion is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE